**JOSEPH E. SEAGRAM & SONS, INC., an Indiana Corporation on Behalf of its division General Wine & Spirits Company and all other divisions, Plaintiff-Appellant,**

v.

**Anthony V. GAZZARA, Chairman, Hugh B. Marius, Robert Doyle, Terrence Flynn and Frederick T. Pannozzo, as Commissioners, and Barbara Joanni Lord, as Secretary of the State Liquor Authority, Division of Alcoholic Beverage Control, State of New York, Defendants-Appellees,**

**Capital Distributors Corp., Charmer Industries, Inc., Knickerbocker Liquors Corp., Peerless Importers, Inc., Star Industries, Inc., and the New York State Wholesale Liquor Association, Inc., Intervenors.**

No. 314, Docket 85–7547.

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 1985.

Decided Sept. 2, 1986.

David W. Ichel, New York City (Barry R. Ostrager, Thomas J. Agnello, Mark G. Cunha, Joseph F. Tringali, Simpson, Thacher & Bartlett, New York City, of counsel), for plaintiff-appellant.

Marla Tepper, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of State of N.Y., Howard L. Zwickel, August Fietkau, Asst. Attys. Gen., of counsel), for defendants-appellees.

Anderson, Russell, Kill & Olick, New York City, for intervenor Peerless Importers, Inc.

Buchman, Buchman & O'Brien, New York City, for intervenors Capital Distributors Corp., Knickerbocker Liquors Corp., Star Industries, Inc.

Whiteman, Osterman & Hanna, Albany, N.Y., for intervenor New York State Wholesale Liquor Ass'n, Inc.

Windels, Marx, Davies & Ives, New York City, for intervenor Charmer Industries, Inc.

Gary F. DiVito, Chief Counsel, Pennsylvania Liquor Control Bd., Harrisburg, Pa. (LeRoy Zimmerman, Atty. Gen. of State of Pa., Allen C. Warshaw, Chief Deputy Atty. Gen., Andrew S. Gordon, Deputy Atty. Gen.), for amicus Com. of Pa.

Before PIERCE, MINER, and DAVIS,* Circuit Judges.

PER CURIAM:

On June 1, 1984, appellant filed an amended complaint facially challenging New York's liquor price affirmation statute, New York Alcoholic Beverage Control Law ("ABC Law") § 101–b (McKinney's 1970 and Supp.1986), as impermissibly burdening interstate commerce. The amended complaint sought an order declaring the statute invalid and enjoining its enforcement.

New York's ABC Law provides that a distiller, licensed to do business in the state, may not sell its products to wholesalers within the state except in accordance with a monthly price schedule previously filed with the New York State Liquor Authority. The ABC Law requires that the distiller include with the schedule an affirmation that the prices in the schedule are no higher than the lowest prices that the distiller will charge wholesalers anywhere else in the United States during the month.

On May 22, 1985, 610 F.Supp. 673, Judge Sand issued an opinion upon cross-motions for summary judgment granting defendants' and intervenors' motions and dismissing the complaint. The district court found the price affirmation statute to be constitutional under the commerce clause and within the authority granted to the states to regulate the importation and distribution of alcoholic beverages under the Twenty-First Amendment. Appellant challenges both of these conclusions on appeal herein.

On June 3, 1986, the Supreme Court issued an opinion which addressed these specific issues, *Brown-Forman Distillers Corp. v. New York State Liquor Authority*, — U.S. —, 106 S.Ct. 2080, 90 L.Ed.2d 552 (1986). The Court found that the New York price affirmation statute constituted a regulation of out-of-state transactions in violation of the commerce clause and was not a valid exercise of state

powers under the Twenty-First Amendment. In light of the Court's recent ruling in *Brown-Forman* on the specific issue raised herein finding that "the [New York] ABC Law on its face violates the Commerce Clause", *id.* 106 S.Ct. at 2088, we reverse the judgment of the district court.